# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN DOUCETTE; on behalf of himself and all others similarly situated;<br><br>           Plaintiffs,<br><br>v.<br><br>CarMax Auto Superstores, Inc.<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No.<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Jonathan Doucette asserts the following class action complaint on behalf of himself and all other similarly situated individuals against Defendant CarMax Auto SuperStores, Inc. Plaintiff asserts his claims arising under 29 U.S.C. § 207 on behalf of himself and all others similarly situated in the United States. Plaintiff asserts his claims arising under M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1A-1B on behalf of himself and all others similarly situated in Massachusetts.

## PARTIES

1. Plaintiff Jonathan Doucette is an individual residing in Massachusetts. Defendant employed Plaintiff from in or about February 2016 until in or about August 2016.

2. Defendant CarMax Auto Superstores, Inc. is a foreign corporation with a principal office located in Richmond, Virginia.

## JURISDICTION

3. This action arises under 29 U.S.C. § 207, M.G.L. c. 149, §§ 148, 150, M.G.L. c. 151, §§ 1A-1B, and breach of contract.

4. Original subject matter jurisdiction in this Court is proper and founded upon 28 U.S.C. § 1331, as this matter involves a federal question that arises under the Constitution, laws,

or treaties of the United States, namely, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.

5. Plaintiff asserts his FLSA claim on behalf of himself and all other similarly situated individuals whom Defendant employed in Massachusetts and throughout the United States and who may elect to opt into this action pursuant to 29 U.S.C. § 216(b). The similarly situated individuals include any sales employee whom Defendant failed to pay minimum wages. Plaintiff's FLSA claim meets the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

6. Plaintiff asserts his claims arising under M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1, 1A, 1B, 20 on behalf of himself and all others similarly situated in Massachusetts. The similarly situated individuals include any sales employee whom Defendant failed to pay overtime wages, minimum wages, Sunday premium pay, and/or from whose wages Defendant took improper deductions. Plaintiff's claims under M.G.L. c. 149, §§ 148, 150, and M.G.L. c. 151, §§ 1, 1A, 1B, 20 meet the requirements for class actions set forth in Fed. R. Civ. P. 23, M.G.L. c. 151, §§ 1B, 20, and/or M.G.L. c. 149, § 150.

7. Plaintiff asserts his breach of contract claim on behalf of himself and all other similarly situated individuals whom Defendant employed in Massachusetts and throughout the United States and who may elect to opt into this action pursuant to 29 U.S.C. § 216(b). The similarly situated individuals include any sales employee whom Defendant failed to pay an hourly rate equal to one and one half minimum wages for hours worked in excess of 40 during a week. Plaintiff's FLSA claim meets the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

8. Pendent jurisdiction of Plaintiff's state law class claims under M.G.L. c. 149, §§ 148, 150 is founded upon 28 U.S.C. § 1367. These class claims arise from a nucleus of operative fact that is common with Plaintiff's FLSA and breach of contract claim.

9. Venue in the District of Massachusetts is proper and founded upon 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's class claims occurred in this judicial district.

10. In compliance with M.G.L. c. 149, § 150, a Non-Payment of Wage and Workplace Complaint Form was filed for Plaintiff with the Massachusetts Office of the Attorney General prior to initiating this action, and he received authorization to pursue these claims in Court.

11. Pursuant to 29 U.S.C. § 216(b), Mr. Doucette consents to sue Defendant as a plaintiff under the Fair Labor Standards Act. His consent to sue form is attached as Exhibit A.

## FACTS

12. Defendant operates a chain of automobile dealerships in Massachusetts and other states that is known as "CarMax."

13. Defendant sells tangible personal products – i.e. cars – through its CarMax dealerships to members of the public.

14. Defendant's CarMax dealerships are open seven days a week.

15. At least 75% or more of the annual dollar volume of sales by Defendant's CarMax dealerships consist of tangible personal property and/or goods – i.e. cars – that are not for resale.

16. The vehicles that Defendant sells through its CarMax dealerships are tangible personal property and/or goods.

17. The vehicles that Defendant sells through its CarMax dealerships are subject to the Massachusetts sales tax.

18. Defendant is a sales tax/use vendor as defined by the Massachusetts Department of Revenue.

19. Defendant's CarMax dealerships are sales tax/use vendors as defined by the Massachusetts Department of Revenue.

20. During each of the two years preceding the filing date of this action, Defendant's CarMax dealerships in the United States have collectively or individually had at least $500,000 in annual volume of sales or business.

21. During each of the two years preceding the filing date of this action, Defendant's CarMax dealerships in the United States have engaged in interstate commerce.

22. During each of the three years preceding the filing date of this action, Defendant's CarMax dealerships in Massachusetts have collectively or individually had at least $500,000 in annual volume of sales or business.

23. During each of the three years preceding the filing date of this action, Defendant's CarMax dealerships stores in Massachusetts have engaged in interstate commerce.

24. Defendant employed Plaintiff at one of its CarMax dealerships in Massachusetts from in or about February 2016 until in or about August 2016.

25. Defendant first employed Plaintiff as a "sales consultant trainee" and later promoted him to be a "sales consultant."

26. At all times during Plaintiff's employment with Defendant, it classified him as a non-exempt employee for purposes of receiving overtime compensation.

27. Defendant classifies the "sales consultant trainee" and "sales consultant" positions as non-exempt for purposes of receiving overtime compensation.

28. At all times during Plaintiff's employment with Defendant, it guaranteed in its compensation policy that it would pay him and other similarly situated sales employees at least one

and one half times his or her applicable minimum wage for each hour that they worked in excess of 40 during a week.

29. During the three years preceding the filing date of the complaint, Defendant employed 40 or more different people as "sales consultant trainees" in Massachusetts.

30. During the three years preceding the filing date of the complaint, Defendant employed 40 or more different people as "sales consultants" in Massachusetts.

31. During Plaintiff's employment with Defendant, he worked in excess of 40 hours during one or more weeks.

32. During the three years preceding the filing date of this action, 40 or more of Defendant's other sales employees worked in excess of 40 hours during one or more weeks.

33. Defendant was aware that Plaintiff and other similarly situated sales employees worked in excess of 40 hours during one or more workweeks in the three years preceding the filing date of this action.

34. At no point in time did Defendant instruct Plaintiff or other similarly situated sales employees that they could not work in excess of 40 hours in a week.

35. During the three years preceding the filing date of this complaint, Defendant required that Plaintiff and other similarly situated sales employees in Massachusetts work on one or more Sundays.

36. Defendant was aware that Plaintiff and other similarly situated sales employees in Massachusetts worked on one or more Sundays.

37. At no point in time did Defendant instruct Plaintiff or other similarly situated sales employees that they could not work on Sundays.

38. During the three years preceding the filing date of this action, Defendant took improper deductions from the wages that Plaintiff and other similarly situated sales employees

had earned. For example, Defendant took deductions from the wages that it paid Plaintiff and other similarly situated sales employees for uniforms.

39. During one or more workweeks, the deductions resulted in Plaintiff and other similarly situated sales employees receiving an average hourly rate that was below the minimum wage that they were entitled to receive for the hours that they worked.

40. During one or more workweeks, the deductions resulted in Plaintiff and other similarly situated sales employees in Massachusetts and the United States receiving an average hourly rate that was below one and one-half times their regular hourly rate minimum wage for hours that they worked in excess of 40 during a week.

41. During one or more workweeks, the deductions resulted in Plaintiff and other similarly situated sales employees in Massachusetts receiving an average hourly rate that was below one and one-half times their regular hourly rate minimum wage for hours that they worked on Sundays.

42. Defendant's practices and policies resulted in Plaintiff and other class members not receiving all of the wages that they earned.

## CLASS/COLLECTIVE ALLEGATIONS

43. Plaintiff brings this action on behalf of himself and a putative class of each individual whom Defendant employed in Massachusetts during the relevant limitations period as a sales employee and who was not paid time-and-a-half for hours worked over forty per week, minimum wages for all hours worked, time-and-a-half for hours worked on Sundays, and/or from whose wages Defendant took deductions during one or more workweeks.

44. Plaintiff brings this action on behalf of a putative collective of each individual whom Defendant employed in the United States during the relevant limitations period as a sales employee and from whose wages: (1) Defendant took deductions during one or more workweeks

which reduced his or her wages below the minimum wage rate that he or she was entitled to receive under the FLSA for all hours worked; and (2) Defendant took deductions during one or more workweeks which reduced his or her wages below time and a half the minimum wage rate that he or she was entitled to receive under the FLSA for all hours worked during a week in excess of 40, as they were guaranteed by Defendant's compensation policy.

45. On information and belief, Defendant has subjected Plaintiff and the class members to uniform policies and practices regarding the services they perform, their compensation, and the hours that they worked.

46. During the past three years, Defendant has employed 40 or more class members in Massachusetts who were not paid the correct wage rate for overtime hours, regular hours, or Sunday hours that they worked during one or more workweeks.

47. During the past three years, Defendant has employed 40 or more class members in Massachusetts from whose wages it took improper deductions.

48. Joinder is impracticable in this case due to the size and composition of the class, and nature of the claims and relief sought, the remedial purpose of the underlying claims, and because individual joinder would be inefficient, uneconomical, and could result in the deprivation of wage rights to aggrieved employees.

49. There are issues of law and fact common to all class members, because Defendant's practices similarly affected all class members. The common questions of law and fact predominate over any questions affecting individual class members. The predominant questions of law or fact are clear, precise, well defined, and applicable to Plaintiff as well as every absent member of the proposed class.

50. Plaintiff's claims are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices and suffered similar harms.

51.     Plaintiff will fairly and adequately represent the interests of the class because he does not have a conflict of interest with the class members. The undersigned counsel will fairly and adequately represent the class members' interests because they have substantial experience in this field.

52.     A class action is superior in this case for several reasons including, but not limited to, the following: the case challenges Defendant's uniform compensation practices and policies; many workers may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I
### FAIR LABOR STANDARDS ACT, 29 U.S.C. § 207

As set forth above, Defendant failed to pay Plaintiff and other similarly situated individuals an hourly rate equal to their applicable minimum wage, as required by 29 U.S.C. § 207. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this claim on behalf of himself and all other similarly situated individuals whom Defendant employed in the United States during the applicable limitations period, namely each individual whom Defendant employed as sales employee, paid a regular hourly rate equal to his or her applicable minimum wage, and took deductions from the wages that he or she earned during one or more workweeks, which reduced his or her regular hourly rate below the minimum wage rate that he or she was entitled to receive.

## COUNT II
### MINIMUM WAGE – M.G.L. c. 151, §§ 1, 20

As described above, Defendant failed to pay Plaintiff and other similarly situated individuals in Massachusetts an hourly rate equal to minimum wage for all of the hours that they

worked, as required by M.G.L. c. 151, §§ 1, 20. Plaintiff brings this claim on behalf of himself and all other similarly situated individuals in Massachusetts pursuant to M.G.L. c. 151, § 20.

**COUNT III**
OVERTIME – M.G.L. c. 151, §§ 1A-1B

As described above, Defendant failed to pay Plaintiff and other similarly situated individuals in Massachusetts an hourly rate equal to one and one half times their regular hourly rates for the hours that they worked in excess of 40 during a week, as required by M.G.L. c. 151, § 1A. Plaintiff brings this claim on behalf of himself and all other similarly situated individuals in Massachusetts pursuant to M.G.L. c. 151, § 1B.

**COUNT IV**
UNPAID WAGES – M.G.L. c. 149, §§ 148 and 150

As described above, Defendant failed to pay Plaintiff and other similarly situated individuals in Massachusetts all of the overtime wages, minimum wages, and Sunday premium pay wages that they were entitled to receive, as required by M.G.L. c. 149, §§ 148 and 150, and also took improper deductions from the wages that Plaintiff and other similarly situated individuals in Massachusetts were entitled to receive. Plaintiff brings this claim on behalf of himself and all other similarly situated individuals in Massachusetts pursuant to M.G.L. c. 149, § 150.

**COUNT V**
BREACH OF CONTRACT

As set forth above, Defendant failed to pay Plaintiff and other similarly situated individuals an hourly rate equal to one and one half times their applicable minimum wage for certain hours that they worked in excess of 40 during a week, which they were guaranteed by Defendant's compensation policy. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this claim on behalf of himself and all other similarly situated individuals whom Defendant employed in the United States during the applicable limitations period, namely each individual whom Defendant

employed as sales employee, paid a regular hourly rate equal to his or her applicable minimum wage, took deductions from the wages that he or she earned during one or more workweeks, which reduced the hourly rate that he or she received below one and one half times his or her regular hourly rate for each hour he or she worked in excess of 40 during the weeks in which Defendant took deductions from his or her wages.

## JURY DEMAND

Plaintiff requests a trial by jury on all claims.

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. As to Count I, authorization to notify the class members of their right to opt into this lawsuit pursuant to 29 U.S.C. § 216(b);

2. As to Count I, liquidated damages pursuant to 29 U.S.C. § 216(b);

3. A finding that Defendant's violation of the FLSA was willful and that, therefore, the statute of limitations for Count I is three years;

4. As to Counts II, III, and IV, certification of these claims as a class action pursuant to Fed. R. Civ. P. 23 and/or M.G.L. c. 149, § 150.

5. As to Counts II, III, and IV, treble damages pursuant to M.G.L. c. 149, § 150;

6. As to all Count I, compensatory damages for all unpaid minimum wages due to the named plaintiff and all other similarly situated individuals;

7. As to Counts II, II, and IV, compensatory damages for all unpaid overtime wages, minimum wages, Sunday premium pay, and reimbursement for improper deductions;

8. As to Counts I, compensatory damages for all unpaid overtime wages;

9. As to all Counts, pre- and post-judgment interest;

10. As to all Counts, attorneys' fees and costs; and,

11. As to all Counts, any other relief to which Plaintiff and other similarly situated individuals may be entitled.

        PLAINTIFF JONATHAN DOUCETTE, on behalf of himself and all other similarly situated,

By his attorneys,

/s/ Brook S. Lane
Brook S. Lane, BBO #678742
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
T: 617-607-3260
brook@fairworklaw.com
hillary@fairworklaw.com

Dated: January 7, 2019