## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JONATHAN DOUCETTE,                     §
                                       §
         Plaintiff,                    §
                                       §
v.                                     §
                                       §   CIVIL ACTION NO. 1:19-CV-10031-GAO
CARMAX AUTO SUPERSTORES, INC.          §
                                       §
         Defendant.                    §
                                       §
                                       §

### DECLARATION OF KAREN HOLT

I, Karen Holt, declare as follows:

1.      I am employed with CarMax Auto Superstores Services, Inc., a subsidiary of CarMax, Inc., as its Divisional Director, Human Resources. CarMax, Inc., and its subsidiary and affiliated entities are collectively referred to herein as "CarMax". I have held this position since October 16, 2014, and have been employed with CarMax in other roles since March 1, 2004. Prior to my position as Divisional Director, I was Regional Human Resources Director for CarMax from January 2005 until October 2014.

2.      I have personal knowledge of CarMax's arbitration and employee dispute resolution programs, of CarMax's personnel policies and practices, of its application and hiring process, and of its practices regarding maintaining custody of personnel and dispute resolution program documents. I also have knowledge of the terms of employment and job duties of CarMax's employees (also called associates), including its sales consultants. I am familiar with how these employees generally perform their jobs and how CarMax conducts business at its store locations.

3.      Based upon my personal experience, as well as reviewing CarMax business records, I have personal knowledge of the matters contained herein, and if called, I would and could testify competently to these matters.

4.      I am aware of the legal action filed by Plaintiff Jonathan Doucette ("Plaintiff")

against CarMax, entitled *Jonathan Doucette v. CarMax Auto Superstores, Inc.*, Civil Action 1:19-cv-10031-GAO, pending in the U.S. District Court for the District of Massachusetts.

5.     Since March 2005, CarMax has had in place an online electronic employment application process that is accessed through the internet and that is administered by CarMax and Kronos.   The online application is a series of screens that present information or questions to individuals interested in employment with CarMax.   The individuals must view each screen and provide the required responses before advancing to the next screen.   During the process, the individual consents to the use of electronic transactions in order to proceed with the online (rather than a paper) application.   The application screens include a screen with information concerning the terms of CarMax's Dispute Resolution Agreement, to which the individual must indicate consent before being allowed to move to the next screen.

6.     The application process in effect at the time of Mr. Doucette's application in February 2016 required an individual to access the application online, provide requested personal and employment information, and advance through various screens.   After providing information such as work history and requested work schedule, the individual was presented with screens explaining certain required notices and disclosures.   Under the heading of "CarMax Dispute Resolution Agreement", the individual was required to review the following:

> If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement.
>
> I recognize that differences may arise between CarMax and me during my application for employment with CarMax.   I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation.   CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible.   I understand, however, that not all issues can be resolved using the Open Door Policy.
>
> Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator.   By way of example only, such claims include claims under

DECLARATION OF KAREN HOLT

federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Right Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court of dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination. I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.

Click here to view CarMax Disputed Resolution Agreement Rules and Procedures.

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening

DECLARATION OF KAREN HOLT

Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department:

> CarMax Auto Superstores, Inc.
> Background Screening Department
> 12800 Tuckahoe Creek Parkway
> Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw with three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Please indicate your consent to the CarMax Dispute Resolution Agreement by entering your first and last name, and marking "Yes, I do consent".

The section asking the individual to "Click here" was an active link to the CarMax Dispute Resolution Rules and Procedures. After reviewing these statements, the individual was required to enter his or her legal first name and legal last name and was required to click the button for "Yes, I do consent" in order to proceed with the application. Near the end of the online application process, the individual was required to certify that the information provided to CarMax was true, accurate, and complete.

7.      An individual who failed to provide the requested consent to the CarMax Dispute Resolution Agreement would not advance to the next screen in the online application and would not be able to complete or submit the application. The individual was allowed to exit the program and return later if the individual needed additional time to consider the Dispute Resolution Agreement.

DECLARATION OF KAREN HOLT

8.    After the individual completed the online application and submitted it to CarMax, the information and responses provided by the individual online would be compiled on pages 1 to 3 of a six page Employment Application Summary.  After CarMax's review of the information provided, the next step would be an invitation to qualified individuals for a phone interview or a personal interview by a hiring manager at the particular location.  At the beginning of a personal interview, the individual was required to review a paper copy of the Employment Application Summary, including pages 1 to 6, and confirm that the information previously provided online was true, accurate, and complete.  The information reviewed by the individual on the paper copy included the "Yes" response to the question of whether the individual agreed to the CarMax Dispute Resolution Agreement.  At the bottom of page 3, the individual must sign and date the representation that the information was true, accurate, and complete and must indicate his or her agreement to the terms of employment outlined on page 3 of the Summary.  Pages 4 to 6 of the Summary set forth in full the consumer credit report Disclosure and Authorization, the CarMax Dispute Resolution Agreement ("DRA"), and a signature page for the DRA.  The individual must review and sign page 4 and sign and date page 6.  An individual who did not sign the DRA page or the Disclosure and Authorization page was not permitted to go forward with the remainder of the interview process.

9.    On January 30, 2016, Jonathan Doucette submitted an online employment application to CarMax.  He submitted personal information to CarMax that included his address on Andersen Drive in Boxford, MA, his email address ("@kellyauto.com"), phone number, social security number, requested work schedule, and work history.  When prompted, he selected his birth month and date to signify his agreement to the terms of employment set forth under the "At Will" heading.  In the Section titled Dispute Resolution Agreement, Doucette entered his Legal First Name and Legal Last Name, as prompted, and marked "Yes, I do consent" to the question asking if he agreed to the CarMax Dispute Resolution Agreement.

10.    A true and correct copy of the business record maintained by CarMax and Kronos showing the application statements and screens with the DRA and other notices and also

DECLARATION OF KAREN HOLT

Doucette's responses is attached as Holt Declaration Exhibit A.  Information and responses that Doucette submitted in the online application were compiled in pages 1 to 3 of the Employment Application Summary, a true and correct copy of which is attached as Declaration Exhibit B. During a subsequent personal interview on February 3, 2016, with Sharita Bernier, Doucette was presented a paper copy of the Employment Application Summary.  Doucette signed page 3, and he signed and dated page 4.  On pages 5 and 6, the CarMax Dispute Resolution Agreement was set forth in its entirety.  On page 6, at the end of the DRA, he signed below the word "Agreed" and added the date and his social security number (redacted on Exhibit B).  The records presented to Doucette during his personal interview on February 3 included a copy of the CarMax Dispute Resolution Rules and Procedures.

11.     CarMax hired Jonathan Doucette as a sales consultant trainee.  Doucette began his employment on February 9, 2016.  His status was changed to sales consultant in March 2016.  A copy of the job description for a sales consultant is attached as Holt Declaration Exhibit C. Doucette voluntarily ended his employment with CarMax in August of 2016.

12.     At the time of Doucette's February 2016 hire, the December 2014 version of the CarMax Dispute Resolution Rules and Procedures ("DRRP") was in effect and is the version applicable to Doucette's claims.  The December 2014 version has not been modified since it went into effect.  A true and correct copy of the 2014 DRRP is attached as Holt Declaration Exhibit D.

13.     In my capacity as Divisional Director, Human Resources, I am familiar with CarMax's practices for creating, collecting, and maintaining its personnel records.  Attached as Holt Declaration Exhibit A is a true and correct copy of the record of online activity by Doucette on January 30, 2016, and of Doucette's responses during the online application process.  Attached as Holt Declaration Exhibit B is a true and correct copy of the Employment Application Summary and CarMax Dispute Resolution Agreement ("DRA") that was presented to and signed by Doucette on February 3, 2016.  Attached as Holt Declaration Exhibits C and D respectively are true and correct copies of the position description for CarMax's sales consultants in Massachusetts, as signed by Jonathan Doucette on February 3, 2016, and a true and correct copy of the DRRP that

DECLARATION OF KAREN HOLT

went into effect for all associates on December 31, 2014. The records contained in these exhibits have been maintained as a business record in the personnel records of CarMax and Kronos since the time of Jonathan Doucette's application for employment or since the time of their being made. These records are prepared and kept in the regular course of business of CarMax, and it was the regular course of business for a CarMax employee or Kronos representative with knowledge of the acts and events to make these records and to transmit the information contained in the records. These records were made at or near the time of the acts or events recorded or reasonably soon thereafter.

14.     Jonathan Doucette did not withdraw his consent to the DRA, as allowed by its terms, and did not otherwise provide notice to CarMax of any intent to opt out of the DRA. The DRA attached as Holt Declaration Exhibit B was agreed to on behalf of CarMax by its Vice President of Human Resources, Scott Rivas.

15.     CarMax is the largest national car retailer in the United States, with sales locations in 41 states, including Massachusetts. As a result, CarMax employees often engage in interstate transactions as part of their job duties. CarMax makes its national sales inventory available to all customers, regardless of the state in which the customer resides or the location that they may visit. As part of the CarMax sales process, customers may review CarMax's national sales inventory online from their own computers or devices or on CarMax computers in a particular store. CarMax sales consultants are trained to work with the customer to find a vehicle in the national CarMax inventory that will best meet the customer's needs. In performing this duty, a sales consultant will regularly review and recommend cars from CarMax's national inventory and identify any cars across the country that have been purchased for resale or are being reconditioned or repaired for resale by CarMax. If the sales consultant finds a car which interests a customer, but the vehicle is not located at the CarMax location that the customer is visiting, then the sales consultant is involved in arranging for the transport of the vehicle from one location to the customer's location. This may involve a variety of interstate transactions by sales consultants at both locations, by drivers, and by the associates doing repairs on or reconditioning the vehicle, since in many cases

7

DECLARATION OF KAREN HOLT

the desired vehicle is located in another state than the customer.  Similarly, sales consultants often have to respond to inquiries from other CarMax locations that may be out of Massachusetts and arrange for transport of vehicles from a Massachusetts location to a location in another state.

Executed on this 1st day of March, 2019, in Richmond, Virginia.  I declare under penalty of perjury under the laws of the United States of America, the Commonwealth of Virginia, and the State of Massachusetts that the foregoing is true and correct.


/s/ Karen Holt
Karen Holt


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Plaintiff listed below via ECF March 11, 2019:

> Brook S. Lane
> Hillary Schwab
> Fair Work, P.C.
> 192 South Street, Suite 450
> Boston, MA 02111

/s/ Diane M. Saunders
Diane M. Saunders

37719423.1

DECLARATION OF KAREN HOLT

# HOLT DECLARATION
# EXHIBIT A

1/8/2019

Jonathan Doucette

# Search Results

## 🙂 Jonathan Doucette (CarMax Non-Req External Seeker Site)

28 Andersen Drive, Boxford, MA 01921 — Doucette@hotyuan.com — pr...............................   SSN#

|  | Legend | 🖅 Marginal Responses 🖅 Knockout Responses | Other Applications (0) |

### Additional Info

Please enter your full name as it will appear on this Certification Statement.

By selecting your Birth Month and Day below, you signify that you understand and agree to the terms above. Otherwise, select "Cancel Application".

I understand that any omission, misrepresentation, or falsification in connection with this application process may be grounds for denial of employment, employment, or, if hired, immediate termination of employment. I further understand that if I am hired by CarMax, I must abide by all the policies of CarMax, which, other than the at-will employment policy and the Dispute Resolution Rules and Procedures, may be changed without notice at the discretion of CarMax.

I understand that my omission, misrepresentation, or falsification in connection with this application process may be grounds for denial of employment or, if hired, immediate termination of employment. I understand that the information I provide to CarMax. I understand that any offer of employment may be rescinded if my references are inadequate or unacceptable to CarMax, or if I violate any of the provisions of this Certification.

I hereby authorize CarMax to investigate all information pursuant to my application for employment, which may include contacting former employers, and entities having information relevant to my application to provide this information to CarMax. I understand that any offer of employment may be rescinded if my references are inadequate or unacceptable to CarMax, or if I violate any of the provisions of this Certification.

I hereby authorize CarMax to investigate all information pursuant to my application for employment in order to determine my qualifications for employment, which may include contacting former employers and/or other person or entities. I hereby authorize all persons and entities having information relevant to my

I hereby certify and affirm that the information provided in connection with the application process is true, accurate and complete, and that I have withheld nothing that would, if disclosed, affect this application unfavorably.

**AT Will**

| | | | |
|---|---|---|---|
| I understand and agree to the terms outlined above. | | | Statement Viewed |

### CarMax Dispute Resolution Agreement

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement:

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be solved in a timely and binding arbitration before a neutral Arbitrator. By way of example only, such claims under federal, state and local statutory or common law, such as the Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration. By way of example only, such claims include claims under federal, state and local statutory or common law, such as ...................................................

| | | | Statement Viewed |

I recognize that differences may arise between CarMax and me during my application for employment ...................................................

| | | | Statement Viewed |

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me to use arbitration.

| | | | Statement Viewed |

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement of the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

| | | | Statement Viewed |

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that by consenting to this Agreement I in no way guarantees that CarMax does offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

| | | | Statement Viewed |

The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.

Click here to view CarMax Dispute Resolution Rules and Procedures.

| | | | Statement Viewed |

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

| | | 08 11 | Statement Viewed |
| | | | Jonathan Doucette |

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for the Background Screening Department) that I am withdrawing my application for employment at CarMax.

1/3

1/8/2019

Jonathan Doucette

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that if I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application for employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Please indicate your consent to the CarMax Dispute Resolution Agreement by entering your first and last name, and marking 'Yes, I do consent'.                                         Statement viewed

Legal First Name                                                                                                                Jonathan

Legal Last Name                                                                                                                 Doucette

Do you agree to the CarMax Dispute Resolution Agreement?                                                                        Yes, I do consent

**Education Details**

What is the highest level of education you have achieved?                                                                        Some college or trade/vocational school

**State Disclosures**
STATE-SPECIFIC DISCLOSURES

It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law        I acknowledge that I have read the previous
shall be subject to criminal penalties and civil liability.                                                                       statement

**Work History**

Have you previously applied for employment with CarMax or any of its affiliates?                                                 No

Have you ever been employed by CarMax or any of its affiliates?                                                                  No

**z1 Phone Screen WebAppend Script**

Phone Interview Date                                                                                                            2/2/2016

Phone Interview Time                                                                                                            1:00 PM

Phone Interviewer Name                                                                                                          [Candidate did not respond]

**z2 Schedule Interview WebAppend Script**

Interview Date                                                                                                                  2/3/2016

Interview Time                                                                                                                  11:00 AM

**z3 CarMax Interview 1 Detail WebAppend Script**

Interviewer 1 Name                                                                                                              Sharita

Interviewer 2 Name                                                                                                              Oscar

1/8/2019

Jonathan Doucette

### z4 Interview 2 Detail WebAppend Script

Interviewer 1 Name

Interviewer 2 Name                                    Stephen

                                                      [Candidate did not respond]

### z5 CarMax Offer WebAppend Script

Targeted Start Date                                   2/9/2016

### z6 Hire WebAppend Script

Hire Date                                             2/9/2016

Full Time or Part Time                                Full Time

Six Digit ADP Employee ID                             205,454

UPON AN APPLICANT'S REQUEST, CARMAX WILL CONSIDER REASONABLE ACCOMMODATION TO COMPLETE THE CARMAX JOB APPLICATION.

The application process could take up to 60 minutes depending on the position for which you are applying. Please allocate time to complete the application process in a single sitting.

### Pre-Application Disclosures

Thank you for your interest in working at CarMax. Our application process includes a background check. In order for us to receive a background report, you will need to give consent to (a) receive and respond to information in electronic form, and (b) a background check. If you do not wish to consent to either electronic transactions or a background check, please exit the application now by pressing "CANCEL APPLICATION" at the bottom of the page.

### Consent to Electronic Transactions

This application contains a number of disclosures and consent forms which usually are provided in written form. I understand that I have the right to receive such disclosures and give my consent or authorization on paper instead of electronically.

If I do consent to engage in electronic transactions, I understand that I have the right to withdraw my consent, and can do so by notifying the person in charge at this location. I can also use this procedure to update information needed to contact me.

If I decide at any point during this application process to withdraw my consent to engage in electronic transactions, I understand that I will have to sign a corresponding paper authorization or consent form as needed if I wish to continue with the application.

I understand that any consent given here applies only to the electronic transactions related to this job application, and that I can access the electronic records by contacting Kronos.

I further understand that I may request a paper copy of any consent or authorization I give electronically. I may receive such paper copies at no cost within the next 60 days by contacting Kronos at ktmdcorporatesupport@kronos.com.

CarMax is an Equal Opportunity Employer.

I consent to receive and respond to notices in electronic form.

# HOLT DECLARATION
# EXHIBIT B

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE

Powered by Kronos

# CARMAX

| | |
|---|---|
| Date of Application: | 1/30/16 1:43:47 AM |
| Position: | Sales Consultant |
| Source: | Store Sign |
| Specific Source: | Banner or Sign at Store Site |
| Date Available to Work: | 2016-02-03 |
| Location: | DVR - 6063 |

## EMPLOYMENT APPLICATION SUMMARY

### PERSONAL INFORMATION

| | | |
|---|---|---|
| Doucette | Jonathan | |
| Last Name | First Name & Middle Initial | |
| 28 Andersen Drive | | |
| Address | | |
| Boxford | Massachusetts | 01921 |
| City | State | Zip Code |
| 978-352-4033 | 978-273-2346 | |
| Primary Phone # | Alternate Phone # | |
| Jdoucette@kellyauto.com | Yes | |
| Email Address | Do you have a valid Driver's License? | |

### EMPLOYMENT DESIRED

Desired Position: Sales Consultant

Willing to Work:

 Scheduled evenings: Yes
  (that cover location operating hours and if position requires these hours)

 Scheduled weekends: Yes
  (that cover location operating hours if position requires these hours)

 Holidays: Yes
  (Note: CarMax is closed on Easter, Thanksgiving & Christmas Day)

Available Work Schedule:

| | MON | TUE | WED | THU | FRI | SAT | SUN |
|---|---|---|---|---|---|---|---|
| From | Any Time | Any Time | Any Time | Any Time | Any Time | Any Time | Any Time |
| To | Any Time | Any Time | Any Time | Any Time | Any Time | Any Time | Any Time |

Type of Position Seeking: Long-Term
Available to Start: 2016-02-03
Work Preference: Full-Time

### EDUCATION

| High School | Professional License 1 | Professional License 2 |
|---|---|---|
| Name: Masconomet High School | Name: Drivers License | Name: |
| Diploma Received? true | Date Received: 04/2012 | Date Received: |
| GED Issued By: | | |

| College 1 | College 2 | Trade/Vocational |
|---|---|---|
| Name: Umass Dartmouth | Name: | Name: |
| Degree: Associate's Degree | Degree: | Degree or Diploma Received?: |
| Years Completed: 3 years | Years Completed: | |
| Field of Study: Criminal Justice | Field of Study: | |

### PREVIOUS CARMAX EMPLOYMENT

Have you ever been employed by CarMax or any of its affiliates? No
Location:   City:   State:   From:   To:
Position Held:   Reason for leaving:

Have you previously applied for employment with CarMax or any of its affiliates? No
Location Name:
Month/Year:

CARMAX4

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE

Powered by Kronos

Doucette, Jonathan

## Employment Application Summary

### EMPLOYMENT HISTORY

| Employer 1 OK to contact? true United States Postal Service | From Date 2015-07-01 | To Date 2016-01-01 | Job Title Mail Handler |
|---|---|---|---|
| | Wage $16.25 hour  Hourly | Reason for Leaving Quit/Resigned | Supervisor Name Mr Armand |
| 76 Main Street North Reading Massachusetts 800-275-8777 | Responsibilities: Worked on the platform doing a lot of loading trailers, and unloading trailers, along with sorting through packages and training new employees | | |

| Employer 2 OK to contact? true Jessica's Brick Oven | From Date 2015-03-01 | To Date 2015-07-01 | Job Title Shipping and Receiving |
|---|---|---|---|
| | Wage $14.50  Salary | Reason for Leaving Quit/Resigned | Supervisor Name Nabil Boghos |
| 1630 Osgood St #1210 North Andover Massachusetts 978-655-4455 | Responsibilities: Making sure all products where shipped on time and recorded and also making daily trips to customers with our product | | |

| Employer 3 OK to contact? true Kelly Jeep Chrysler | From Date 2013-10-01 | To Date 2014-10-01 | Job Title Sales Consultant |
|---|---|---|---|
| | Wage $300.00 a  Hourly | Reason for Leaving Quit/Resigned | Supervisor Name Brian Kelly Jr |
| 353 Broadway Rt 1 N Lynnfield Massachusetts 781-581-6000 | Responsibilities: Sales and lease consultant, helping customers find the right car, and then continuing the a relationship with the customer after purchase giving strong customer service and getting referrals and repeat customers | | |

| Employer 4 OK to contact? true Market Basket | From Date 2006-02-01 | To Date 2013-10-01 | Job Title Front End Manager |
|---|---|---|---|
| | Wage $11.50 an  Hourly | Reason for Leaving Quit/Resigned | Supervisor Name Terry McCarthy Store Manager |
| 230 S Main St Middleton Massachusetts 978-777-6233 | Responsibilities: I was in charge of, customer service, handling money from cash registers. Scheduling all part time front end employees (cashiers, sackers, carriage receivers).And the overall control of the check out area managing and training over 100 employees | | |

| Employer 5 OK to contact? | From Date | To Date | Job Title |
|---|---|---|---|
| | Wage | Reason for Leaving | Supervisor Name |
| | Responsibilities: | | |

| Employer 6 OK to contact? | From Date | To Date | Job Title |
|---|---|---|---|
| | Wage | Reason for Leaving | Supervisor Name |
| | Responsibilities: | | |

CARMAX5

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE

Powered by Kronos

Doucette, Jonathan

### Employment Application Summary

## MINIMUM QUALIFICATIONS QUESTIONS

**Are you 18 years of age or older?** Yes
(CarMax asks this question in order to ensure we can comply with state and local laws regulating employment of minors or establishing age requirements for certain tasks.)

**Do you require immigration sponsorship to work for CarMax, either now or in the future?** No

**Can you provide documentation establishing your identity and eligibility to be legally employed in the United States?** Yes
(ex: Drivers License, passport, etc.)

CarMax promotes a drug-free workplace. As part of the hiring process, applicants who receive an offer of employment will be asked to submit to a screening test to detect the presence of illegal drugs and/or alcohol or their metabolites. CarMax offers of employment are conditional upon successful drug screen results. If you are asked to submit to a drug/alcohol test and you refuse to be tested, or you do not pass, CarMax will revoke any offer of employment. All drug/alcohol tests will be conducted in accordance with applicable federal and state law and be done through urinalysis.

**Are you willing to submit to a urinalysis drug screening test as a condition of employment with CarMax?** Yes
CarMax requires that you consent to a urinalysis drug screening test in order to apply.
Are you willing to submit to a urinalysis drug screening test as a condition of employment with CarMax?

**Do you agree to the CarMax Dispute Resolution Agreement?** Yes, I do consent
CarMax requires that you consent to the CarMax Dispute Resolution Agreement in order to apply.
Do you agree to the CarMax Dispute Resolution Agreement?

## PLEASE READ THIS STATEMENT CAREFULLY

I hereby certify and affirm that the information provided in connection with the application process is true, accurate and complete, and that I have withheld nothing that would, if disclosed, affect this application unfavorably.

I hereby authorize CarMax to investigate all information pertinent to my application for employment in order to determine my qualifications for employment, which may include contacting former and/or current employers or any other person or entity. I hereby authorize all persons and entities having information relevant to my application to provide that information to CarMax. I understand that any offer of employment may be rescinded or my employment terminated if my references are inadequate or unacceptable to CarMax, or if I violate any of the provisions of this certification.

I understand that any omission, misrepresentation, or falsification in connection with this application process may be grounds for denial of employment or, if hired, immediate termination of employment. I further understand that if I am hired by CarMax, I must abide by all the rules and policies of CarMax which, other than the at-will employment policy, may be changed without notice at the direction of CarMax.

Please indicate that you understand and agree to the terms outlined above.

☑ I agree with the terms outlined above.

I understand that this document represents a summary of my electronic employment application and does not include the full text of that electronic application.

_____          02/03/16
Signature of Applicant                              Date

CARMAX6

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE

# CARMAX

Doucette, Jonathan

DVR - 6069

---

### DISCLOSURE AND AUTHORIZATION
### (Regarding the Use of Consumer Reports for Employment Purposes)

---

A consumer report or an investigative consumer report (collectively, "consumer report") may be obtained from consumer reporting agencies for employment purposes, including evaluating you for hire as an applicant or, if applicable, for the purpose of evaluating you for promotion, reassignment, retention or other employment decisions as an employee during the entire tenure of your employment with CarMax, Inc. and/or its parent(s), affiliates, subsidiaries, divisions, successors and assigns in such capacity ("the Company").

The reports may contain information bearing on your credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. The nature and scope of the investigation conducted to compile the consumer report may include verification and inspection of any lawfully available records or information pertaining to your work history, education, criminal background, civil court related actions, driving history (including traffic-related offenses), credit or credit capacity, any other information available from any public or otherwise documented records, as well as written or oral information from any business, professional or personal associates or neighbors, including your co-workers and any references you listed on your application or resume. You have a right to request additional disclosures regarding the nature and scope of this investigation.

---

### Consumer Report Authorization*

---

By my signature below, I voluntarily authorize the Company to obtain a consumer report about me for employment purposes. I understand and agree that a consumer report may be obtained at any time, and any number of times, as the Company in its sole discretion determines is necessary before and/or during the entire tenure of my employment with the Company.


SIGNATURE                                            03/03/16
                                                     DATE

Jonathan Doucette
PRINTED NAME


*To be retained with Employment Application

CARMAX7

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE



Doucette, Jonathan

DVR - 6063

If you wish to be considered for employment with CarMax Auto Superstores, Inc., or its subsidiaries and affiliates (collectively "CarMax"), you must read and consent to the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included with this application you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, and as more fully set forth in the CarMax Dispute Resolution Rules and Procedures, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort. The scope of the claims covered, as well as certain exclusions from coverage and other important terms, are set forth in the Dispute Resolution Rules and Procedures.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that nothing in this Agreement is intended to affect or limit my rights under the National Labor Relations Act and my right to file charges or seek other relief with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax that is covered by this Agreement or the Rules. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my consent to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

CARMAX8

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE



Doucette, Jonathan

DVR - 6063

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By consenting to this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before consenting to this Dispute Resolution Agreement.**

I have read this Agreement and the Dispute Resolution Rules and Procedures before submitting this Application and before accepting an offer of employment with CarMax.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I consent by notifying the Background Screening Department in writing (including my Social Security Number and address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

CarMax Auto Superstores, Inc.
Background Screening Department
12800 Tuckahoe Creek Parkway
Richmond, Virginia 23238

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I consent to this Agreement and do not withdraw within three days of consenting I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims that are within the scope of this Agreement and the Rules, and we may not file a lawsuit in court.

AGREED:

_____     _02/03/16_____
Signature                            Date

| |
|---|
| Signature of Parent or Guardian _____    Date _____ |
| (If under 18 years of age) |

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate who is completing this application.

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

CARMAX9

# HOLT DECLARATION
# EXHIBIT C

CONFIDENTIAL CARMAX DOCUMENT - DO NOT DISCLOSE

# Sales Consultant Job Description



## General Summary:
Under limited supervision, responsible for providing customer service and helping to meet individual and store sales goals.

## Principle Duties And Responsibilities:
- Sell vehicles by providing exceptional customer service. Listen and respond to customer needs. Assist with vehicle selection and answering questions.
- Maintain a working knowledge of available inventory, financing options, titles and extended service policies.
- Processes paperwork associated with retail automobile sales including credit application, payoff information, titles and other related materials.
- Maintains customer base through follow-up contact that encourages patronage.
- Maintains sales area, including staging vehicles for display, verifying information on window stickers, reporting concerns to management and other related tasks.
- Assists in auctions and the vehicle appraisal process, including paperwork collection, vehicle transportation and successful delivery of appraisal figures to the customer in a way that is positive and compels them to want to sell the vehicle to us.

## Job Specifications:
Work requires ability to:
- Speak and listen effectively in dealing with customers in person and over the phone.
- Multi-task in a high energy, fast-pace work environment.
- Use miscellaneous computer programs, demonstrating intermediate PC skills.
- Read, interpret and transcribe data in order to complete accurate paperwork and maintain records.
- Complete CarMax provided sales training as well as other company provided training and scheduled meetings.

## Working Conditions:
- Pleasant but noisy sales floor.
- May require walking or standing for extended periods of time.
- Flexible work hours with shifts that may include nights, weekends, holidays and 12-hour days.
- Wears CarMax clothing (acquired through the company) at all times while working in the store.

## Disclaimer And Approvals:
This document is intended to describe the general nature and level of work being performed by people assigned to this job. This information is current at the time of publication. Responsibilities may include other duties as assigned and may be amended at the discretion of CarMax with or without notice.

This document has been reviewed and approved by management and Human Resources and can not be modified without written consent by a member of management authorized to modify any such responsibilities.

CarMax is an Equal Opportunity Employer by both policy and practice and subscribes to federal and state laws which forbid discrimination because of race, color, age, religion, sex, national origin or disability. Employment at CarMax is at-will, and therefore, can be terminated, with or without cause, at any time, at the option of the associate or CarMax. This at-will employment relationship will remain in effect throughout an associate's employment with CarMax unless it is modified by a specific, express written employment contract that is signed by an officer of CarMax and the associate. This at-will employment relationship may not be modified by any oral or implied agreement. Specifically, this job description is not a contract of employment and does not create any contractual rights of any kind between the Company and its Associates.

---

**Can you perform the functions of this job with or without reasonable accommodation?**

☑ Yes   ☐ No

Signature: _____   Date: 02/03/16

Printed Name: Brentan Dove H.   MA Signature: _____

# HOLT DECLARATION

# EXHIBIT D

37321998.1

# DISPUTE RESOLUTION RULES AND PROCEDURES

Last Revised
December 31, 2014

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

### Rule 1: PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

### Rule 2: CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director, or affiliate company.

All previously unasserted claims arising under federal, state or local statutory, or common law, shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Nothing herein is intended to affect or limit the Associate's right to file an administrative charge with or to otherwise seek relief from, any government agency such as the Equal Employment Opportunity Commission or the National Labor Relations Board.

Claims by Associates for state employment insurance benefits (e.g., unemployment compensation, workers' compensation, worker disability compensation) claims arising under the National Labor Relations Act, or any claims or disputes by whistleblowers arising pursuant to the Sarbanes-Oxley Act and alleging unlawful retaliation or seeking other relief pursuant to that Act, shall not be subject to arbitration. Other statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration.

For purposes of this Rule, claims against "CarMax" shall include claims against any parent company, subsidiary, or related company, claims against any officer, director, or associate (current or former), and claims against any alleged joint employer.

### Rule 3: DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, both CarMax and the Associate agree to resolve through arbitration all claims described in, or contemplated by Rule 2. If either Party files a lawsuit in court to resolve claims subject to arbitration, both Parties agree that the Court shall dismiss the lawsuit and require the Parties to arbitrate the dispute.

If either Party files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, both Parties agree that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Parties further agree that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

### Rule 4: COMMENCEMENT OF ARBITRATION

a. PROCEDURE

An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request to:

Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238

b. TIME LIMITS

i. FILING OF REQUEST FOR ARBITRATION

The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a waiver with respect to that dispute relative to that Associate.

ii. CARMAX'S RESPONSE

Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

c. NOTICE/OTHER FILINGS

All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

If to CarMax:
i. Arbitration Coordinator
CarMax Auto Superstores, Inc.
12800 Tuckahoe Creek Parkway
Richmond, VA 23238; or

ii. to the Company's attorney as designated in writing by the Company.

If to the Associate:
iii. to the Associate's address of record as it appears on the Arbitration Request Form; or

iv. to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

### Rule 5: SELECTION OF AN ARBITRATOR

CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitration Service, such as the American Arbitration Association, as may be agreed to by the Parties, shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. If the Company and the Associate cannot agree upon an Arbitration Service, then either NAM or AAA shall be used, with the final selection being determined by coin toss performed by the Company. Once an Arbitration Service is selected, the Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Parties must provide their responses to the additional panel within seven (7) calendar days to the Arbitration Service after the additional panel composition is received. The Arbitration Service will then appoint an arbitrator from the remaining names.

### Rule 6: PRE-HEARING PROCEDURES; TIME AND PLACE OF ARBITRATION

a. Following appointment of the Arbitrator, the Arbitrator shall promptly hold an initial pre-hearing conference with the parties. The purpose of the initial pre-hearing conference shall be, among other things, for the Arbitrator to set deadlines for: (1) adding or amending claims and/or parties to the arbitration, (2) any dispositive motions, opposition briefs, and reply briefs thereto, and (3) the date of any motion hearings, and the timing of the Arbitrator's ruling on any dispositive motions. Following the initial pre-hearing conference, the Arbitrator shall promptly issue a Scheduling Order to the parties setting the deadlines above, as well as any other deadlines required by these Dispute Resolution Rules and Procedures or the Arbitrator. The parties may mutually consent to amend the Scheduling Order, subject to approval by the Arbitrator. If the parties do not mutually consent to amend the Scheduling Order, upon the request of any Party and a showing of good cause, the Arbitrator may permit amendment to the Scheduling Order. In ruling on a request to

amend the Scheduling Order for good cause, the Arbitrator shall be guided by the Federal Rules of Civil Procedure.

b. The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

## Rule 7: REPRESENTATION
Both the Associate and the Company shall have the right to be represented by counsel.

## Rule 8: DISCOVERY
a. INITIAL DISCLOSURE
Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure. Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b. OTHER DISCOVERY
i. INTERROGATORIES/DOCUMENT REQUESTS
Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

ii. DEPOSITIONS
A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

### iii. ADDITIONAL DISCOVERY
Upon the request of any Party and a showing of good cause, the Arbitrator may permit additional discovery; but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

### c. DISCOVERY DISPUTES
The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

### d. TIME FOR COMPLETION OF DISCOVERY
All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown or by mutual consent of the parties, subject to approval by the Arbitrator. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9: HEARING PROCEDURE
### a. WITNESSES
Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party. Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.

### i. SUBPOENAS
A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii. SEQUESTRATION
The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

### b. EVIDENCE
The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

**c. BURDEN OF PROOF**
For the Associate to prevail, the Associate must prove that the Company's conduct with respect to the Associate was a violation of applicable law. For the Company to prevail on any claims asserted against an Associate, the Company must prove that the Associate's conduct was a violation of applicable law.

**d. BRIEFING**
Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service.

**e. TRANSCRIPTION**
The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription.

**f. CONSOLIDATION**
  **i. CLAIMS**
  CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures.

  **ii. PARTIES**
  The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action, collective action, or representative action. (A class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief.)

**g. CONFIDENTIALITY**
All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process. All settlement negotiations, mediations, and the results thereof shall be confidential. Nothing in this section shall be construed to restrict the right of an attorney to practice law.

**Rule 10: SUBSTANTIVE CHOICE OF LAW**
The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

**Rule 11: ARBITRATOR AUTHORITY**

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, the Arbitrator shall have the authority to consider and rule on dispositive motions such as motions to dismiss or motions for summary judgment in accordance with the standards and burdens generally applicable to such motions in federal district court and may establish appropriate procedures to resolve such motions, at the Arbitrator's discretion, consistent with the less formal and expedited nature of arbitration proceedings. Seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties pursuant to the deadline set by the Scheduling Order for ruling on any dispositive motions.

**a. JURISDICTION**

The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

**b. SANCTIONS**

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

**Rule 12: AWARD**

Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall render a decision in the form of a written award and mail to the parties a copy of the written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

**Rule 13: FEES AND EXPENSES**
a. COSTS OTHER THAN ATTORNEY FEES
   i. Definitions
   Costs of arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

   ii. Costs of Arbitration
   CarMax shall pay the costs of arbitration, excluding incidental costs. Costs related to preparation of the hearing transcript, if any, shall be subject to the provisions of Rule 9(e) above.

b. ATTORNEY FEES
The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

**Rule 14: REMEDIES AND DAMAGES**
If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

**Rule 15: SETTLEMENT**
The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

**Rule 16: ENFORCEABILITY**
The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration. The Associate and the Company acknowledge that the Associate's employment with the Company and the Dispute Resolution Agreement involve interstate commerce and that the Federal Arbitration Act is controlling.

**Rule 17: APPEAL RIGHTS**
The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

**Rule 18: SEVERABILITY/CONFLICT WITH LAW**

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

**Rule 19: TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES**

CarMax may modify or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims accrued or arising before modification or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time said claims accrued or arose. Otherwise, all claims shall be subject to the Rules in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the modified Agreement or Dispute Resolution Rules and Procedures will be published and available in the CarMax Dispute Resolution Handbook (which is available on the CarMax Way intranet system) and through the CarMax Online Employment Application after December 31 of each year.